# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARMIS ARRENDONDO,

    *Petitioner*,

vs.

D. W. NEVEN, *et al.*

    *Respondents*.

2:06-cv-01369-PMP-GWF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for consideration of possible issuance of a certificate of appealability (COA) following upon the Petitioner's filing of a notice of appeal (#6).

Petitioner seeks to appeal this Court's order (#5) denying his motion (#4) for leave of court to file an extended petition. The motion was filed over six months after entry of a final judgment dismissing the action without prejudice. The action was dismissed without prejudice because a habeas petition was not submitted with the pauper application and further because the pauper application was incomplete. The dismissal was without prejudice to the filing of a new action with a petition and a properly completed pauper application. No appeal was taken from the judgment.

Generally, when the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to

obtain a COA: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

The Court will assume, *arguendo*, that the foregoing standard is applicable in the present procedural context.

Reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling denying Petitioner's motion to file an extended petition in a closed action. Petitioner may file a new action with a habeas petition and a properly completed pauper application, but he may not simply file a petition and a pauper application in this closed action six months after entry of a final judgment dismissing the action.

Petitioner is informed that, under 28 U.S.C. § 2244(d), a one-year limitation period applies to federal habeas petitions under 28 U.S.C. § 2254 challenging state custody. The Nevada Supreme Court order on direct appeal that Petitioner attached with #4 is file-stamped June 29, 2006. Accordingly, based upon what Petitioner has filed, and after allowing for the expiration of the ninety day time period to seek *certiorari* in the United States Supreme Court, it is possible that the federal one-year limitation period may expire as early as September 27, 2007. The federal one-year limitation period continues to run for a later federal petition even while the present federal appellate proceedings are pending. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Thus, if Petitioner does not file a new federal habeas petition in a new action before September 27, 2007, any later federal habeas petition potentially may be time-barred.

The present action, however, is and has been closed.

1    IT THEREFORE IS ORDERED that a certificate of appealability is DENIED.

2    IT FURTHER IS ORDERED that the Clerk of the Court shall forward this order to the

3 Court of Appeals in a supplemental transmittal.

5 DATED: August 3, 2007.

*[signature]*

PHILIP M. PRO
United States District Judge